# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND THOMAS KOCH, | 1:14-cv-01861-BAM |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | (ECF No. 1) |
| COALINGA STATE HOSPITAL, | |
| Defendant. | |

Plaintiff Roland Thomas Koch ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff initiated this action on November 24, 2014. Plaintiff consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 8.) Plaintiff's complaint is currently before the Court for screening.

**I.       Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must

set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II. Allegations in Complaint

Plaintiff names Coalinga State Hospital as the sole defendant. He alleges as follows:

> Simply, my property continuesly [sic] is 'lost,' confiscated, ETC. And the "Rules/procedures" are NOT honored. Despite my following the 'Rules/Procedures' here (Paperwork) I can NOT gain resolution to my complaints.
>
> I can NOT do names & dates as MY copies of Paperwork are 'lost' by CSH.

(ECF No. 1, p. 3) (emphasis in original). Plaintiff requests that his lost property be found, returned or that he be reimbursed for its loss.

## III. Discussion

### A. Coalinga State Hospital

Plaintiff names Coalinga State Hospital as the sole defendant. Plaintiff cannot maintain an action against a state hospital. The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). As Coalinga State Hospital is a part of the California Department of State Hospitals, a state agency, it enjoys Eleventh Amendment immunity from suit.

### B. Property Loss

Plaintiff's complaint appears to concern the loss of property.

Civil detainees have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). Where the state authorizes the deprivation of property by a policy or procedure, it is actionable under the Due Process Clause. Logan v. Zimmerman Brush Co., 455 U.S. 422, 433, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); Hudson v. Palmer, 468 U.S. 517, 532, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). However, where deprivation of property is caused by a negligent or random, unauthorized act of a state employee, such a deprivation does not violate "the procedural requirements of the Due Process Clause of the Fourteenth Amendment if

a meaningful post deprivation remedy for the loss is available." Id. at 533.  California Law provides an adequate post-deprivation remedy for any property deprivations.  See Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  As Plaintiff has an adequate post-deprivation remedy for the alleged unauthorized deprivation of property, he has failed to state a cognizable due process claim.

Insofar as Plaintiff's deprivation of property claim arises out of allegations that his appeals are lost or not answered in a timely manner, he cannot state a cognizable claim.  Plaintiff may not proceed on a due process claim arising out of the review and resolution of patient complaints or appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no separate constitutional entitlement to a specific grievance procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (no legitimate claim of entitlement to a grievance procedure).  Plaintiff's dissatisfaction with the processing of or responses to his appeals does not support a claim under section 1983.

**IV.     Conclusion and Order**

For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be granted.  The above deficiencies cannot be cured by amendment and further leave to amend is not warranted.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable claim.  All pending motions, if any, are terminated.

IT IS SO ORDERED.

Dated:   **February 2, 2015**               /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE